DECISION
{¶ 1} Defendant-appellant, Adrian Calloway, appeals from a judgment of the Franklin County Municipal Court finding her guilty, pursuant to a bench trial, of falsification in violation of R.C. 2921.13. Defendant assigns a single error:
The trial court erred by entering judgment of conviction that was against the manifest weight of the evidence. Because defendant's conviction is supported by the manifest weight of the evidence, we affirm.
 {¶ 2} The facts presented in the trial court are largely undisputed. Defendant's driver's rights were suspended from January 30, 2004 through April 29, 2004, as a result of a traffic offense that occurred on December 1, 2003, for which defendant was unable to present proof of insurance. Defendant stipulated that she was not covered by any insurance policy until April 28, 2004.
 {¶ 3} The evidence demonstrated that, to reinstate her driving privileges at the conclusion of the suspension, defendant was required to pay a reinstatement fee of $125 and obtain and carry insurance, through an SR-22 bond or other qualified form of insurance, for the next five years. On the other hand, if defendant could prove she had the necessary insurance coverage on the date of the traffic offense in December 2003, the suspension would have been cleared from her record entirely, and she would not be required to pay the reinstatement fee or maintain the more expensive SR-22 bond.
 {¶ 4} On April 28, 2004, defendant obtained the required SR-22 insurance; on April 29, 2004, defendant went to the Ohio Bureau of Motor Vehicles ("BMV") seeking to reinstate her driving privileges. According to Wanda Porter, a customer service assistant for the BMV, defendant presented a document, admitted as State's Exhibit 1, to Porter. The relevant portion of the document stated defendant and her husband had insurance coverage from November 2, 2003 through May 2, 2004, thus including the date of defendant's traffic offense. In addition, the document bore a signature and telephone number of an insurance agent. Porter testified defendant gave her the document because defendant "was trying to verify insurance coverage for violation date of 12-1 of 2003." (Tr. 43.) As Porter explained, "[s]he was trying to get the suspension taken off her record by showing proof of insurance for that particular time period." (Tr. 44.)
 {¶ 5} Porter testified that, after receiving the document, she contacted the insurance company and learned defendant was not covered at the time of her traffic offense. Moreover, the telephone number on the form turned out to be fictitious. After Porter informed defendant the document was fraudulent, "I think [defendant] went on and paid the reinstatement fee and showed the SR-22 on that day for that particular case." (Tr. 46.)
 {¶ 6} Porter turned the matter over for an investigation that resulted in a complaint being filed in the Franklin County Municipal Court, charging defendant with one count of falsification. Pursuant to a bench trial, defendant was found guilty and sentenced accordingly. On appeal, defendant contends her conviction is against the manifest weight of the evidence.
 {¶ 7} When presented with a manifest weight argument, we engage in a limited weighing of the evidence to determine whether the fact finder's verdict is supported by sufficient competent, credible evidence to permit reasonable minds to find guilt beyond a reasonable doubt. State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387; State v. Thompkins (1997),78 Ohio St.3d 380, 387 (stating that "[w]hen a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the fact finder's resolution of the conflicting testimony"). Determinations of credibility and weight of the testimony remain within the province of the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. Reversals of convictions as being against the weight of the evidence are reserved for cases where the evidence weighs heavily in favor of the defendant. State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 8} Pursuant to R.C. 2921.13(A), "[n]o person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when any of the following applies: * * * (3) The statement is made with purpose to mislead a public official in performing the public official's official function." A violation of division (A)(3) constitutes falsification, a misdemeanor of the first degree. R.C.2921.13(F)(1).
 {¶ 9} The state contends the evidence demonstrates defendant presented the false document to the BMV in order to have the suspension deleted from her record, thereby avoiding the reinstatement fee and the SR-22 insurance requirement. As the state explains, defendant had no reason to present any documents to lift her driving suspension other than the SR-22 bond. Thus, had defendant gone to the BMV simply seeking to restore her driving privileges, the false document purporting to demonstrate coverage at the time of defendant's traffic offense would have been unnecessary.
 {¶ 10} Although defendant admitted she printed the information at issue on the insurance document and signed the insurance agent's name in cursive, she contends she did not intend to defraud the BMV. Rather, defendant testified, she went to the BMV to pay the fee and reinstate her driver's rights. According to defendant, she gave the document to Porter after she paid the fee and showed proof of the necessary insurance. Defendant asserts that if she intended to defraud the BMV, she would have presented herself at the BMV well before her suspension expired, not on the day after the suspension expired. Defendant further contends she presented the document to the BMV to help the BMV locate her husband's insurance policy, to which she was added, because she did not have the actual policy with her at that time.
 {¶ 11} Defendant essentially contends the trial court should have believed her explanation rather than the state's witnesses, particularly Porter. A conviction, however, is not against the manifest weight of the evidence solely because the trier of fact heard conflicting testimony. State v. Butts, Franklin App. No. 03AP-495, 2004-Ohio-1136; State v. Kendall (June 29, 2001), Franklin App. No. 00AP-1098. Credibility issues remain within the province of the trier of fact. Id.; State v. McVay (Sept. 30, 1999), Franklin App. No. 98AP-1246 (stating that "[c]redibility determinations on conflicting testimony are issues primarily reserved to the trier-of-fact to be second-guessed only in the most exceptional case").
 {¶ 12} The state presented competent, credible evidence permitting reasonable minds to find defendant guilty of falsification. The state's evidence demonstrated defendant had incentive to falsify the document: to avoid paying the reinstatement fee and to avoid SR-22 insurance for the next five years. Moreover, the undisputed evidence revealed that defendant filled out the portion of the form purporting to show she was insured from November 2, 2003 through May 2, 2004, even though she admitted she was not insured under her husband's policy until April 28, 2004. To further undermine defendant's version of the incident, the evidence demonstrated that defendant signed the agent's name and provided a fictitious telephone number on the document. Lastly, Porter testified, contrary to defendant's testimony, that defendant paid the fee and showed proof of SR-22 insurance after Porter informed defendant the document was false. Coupling defendant's motive with defendant's admissions regarding the contents of the insurance document and the sequence of events Porter related, the trier of fact could properly believe Porter, reject some or all of defendant's testimony, and render a verdict against defendant. Because the verdict is not against the manifest weight of the evidence, we overrule defendant's single assignment of error and affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
Klatt, P.J., and French, J., concur.